### DODGE v. FINDLAY.

### SAME v. CORNELIUS.

(Supreme Court, Appellate Division, Second Department.    April 25, 1899.)

WILLS—ADDRESSES OF SUBSCRIBING WITNESSES—PENALTY—LIMITATION OF AC-
TIONS.
   Limitations commence to run against the right of action for the pen-
   alty provided by 2 Rev. St. (9th Ed.) p 1877, § 41, for failure of a sub-
   scribing witness to write his address opposite his name, from
   the date of signing, and not from the date when the will is presented for
   probate.

   Woodward and Bartlett, JJ., dissenting.

Appeal from trial term, Queens county.
Actions by George T. Dodge against John J. Findlay and by the
same plaintiff against George W. Cornelius.    Judgments were for
plaintiff, and defendants appeal.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

John Lyon, for appellants.
James H. Seaman, for respondent.

GOODRICH, P. J.    The plaintiff sues to recover $50 in each of
these actions, under section 41, 2 Rev. St. (9th Ed.) p. 1877, which
reads:

"The witnesses to any will shall write opposite to their names their re-
spective places of residence.    *   *   *   Whoever shall neglect to comply with
either of these provisions, shall forfeit fifty dollars, to be recovered by any per-
son interested in the property devised or bequeathed, who will sue for the
same."

The only question necessary to be considered is whether the stat-
ute of limitations is a bar to the action.    The defendants were sub-
scribing witnesses to the will of George Duryea, which was exe-
cuted on April 22, 1895.    Duryea died on December 14, 1897, and
the will was admitted to probate on March 4, 1898.    These actions
were commenced on May 20, 1898.    Section 383, subd. 3, Code Civ.

Proc., provides that an action for a penalty or forfeiture must be commenced within three years. The plaintiff contends that the statute did not begin to run until the neglect to comply with the statute was discovered. The defendants contend that it began to run from the moment the subscribing witnesses affixed their signatures.

The statute upon which this action is based must be reasonably construed. Its object was to enable parties interested to locate the witnesses. It was not intended to enable an aggrieved party to recover absolute indemnity; otherwise, it would not have named an arbitrary sum, not at all commensurate with the damage which might result from the neglect. It may be a violent presumption that every one is presumed to know the law, yet we must assume that the witnesses to any will know the requirement of the statute and will obey it. The penalty is intended to compel obedience to a reasonable provision. It is clearly designed as a punishment for failure to comply with the statute, although the right to recover is conferred alone upon persons interested in the property. It may be assumed that ordinarily the only person "interested in the property" who would be cognizant of the neglect would be the testator. It is not our province to be influenced by the difficulties of discovering the neglect, and thus enforcing the statute, or to enlarge on the fact that unless a testator die, and his will be offered for probate, within the three years after its execution, there is no possibility that any person interested other than the testator is likely to acquire knowledge of the neglect. The statute of limitations is a statute of rest, and the only exceptions to its running are in certain cases of disabilities, and in the cases mentioned in subdivision 5 of section 382 of the Code of Civil Procedure, which provides that in certain cases of fraud the cause of action is not deemed to have accrued until the discovery of the fraud. There are many other cases where a state of facts affording a cause of action may not be readily discoverable. For instance, a written contract enforceable under Lawrence v. Fox, 20 N. Y. 268, might be executed and not come to the knowledge of a person having a right to enforce its provisions within the period limited by the statute; nevertheless the statute would run against it. Or a person might be assaulted by a person whose identity was unknown to him, and not discovered till the time within which action could have been brought had expired, and yet the statute would begin to run immediately after the assault. The question might be illustrated by many similar cases, but these are enough. To hold the doctrine for which the plaintiff contends would destroy the long-accepted doctrine that the statute of limitations, as already stated, is a statute of rest. No serious public interest is likely to suffer by our decision. No similar action is cited as ever occurring in the courts of this or any other state. We are clearly of the opinion that the statute begins to run when the witnesses sign a will, and not when the testator dies, or the will is published or presented for probate.

The judgments must be reversed, with costs. All concur, except WOODWARD and BARTLETT, JJ., dissenting.

WOODWARD, J. (dissenting). I do not agree with the construction placed by the Presiding Justice on section 41 of the Revised Statutes (2 Rev. St. [9th Ed.] p. 1877), which directs that a subscribing witness to any will, who shall neglect to write opposite his name his place of residence, "shall forfeit fifty dollars, to be recovered by any person interested in the property devised or bequeathed, who will sue for the same." That the only question necessary to be considered in the case at bar is whether the three-year statute of limitations is a bar to the action is entirely clear; but that the right to recover the penalty first accrues to the interested party immediately after the execution of the will I cannot believe, and to the assumption that the maker of a will may, in any case, recover the penalty, I do not assent. This intimation that the testator may recover the penalty is only a dictum, but, in my opinion, is too important to pass without consideration. As to the construction of statutes, Baron Parke, in Becke v. Smith, 2 Mees. & W. 191, said (page 194):

"It is a very useful rule in the construction of a statute to adhere to the ordinary meaning of the words used, and to the grammatical construction, unless that is at variance with the intention of the legislature, to be collected from the statute itself, or leads to any manifest absurdity or repugnance, in which case the language may be varied or modified, so as to avoid such inconvenience, but no further."

This sentence has often been called the "golden rule of statutory construction." To my mind, there is no warrant in the language of the enactment for giving the statute in question such a construction as to permit any testator to recover the penalty from an obliging, but unfortunate, subscribing witness, who has neglected to add his place of residence. Indeed, it would, in effect, legally encourage those of sufficient depravity to repeatedly execute wills, and recover the penalties, as long as they could obtain subscribing witnesses able to pay and ignorant of the statute. The statute says, "The witnesses to any will," etc.; but no one would contend that the expression was intended to include the will of a person without capacity to execute, or a foreign or revoked will. Referring to the penalty, it says, "to be recovered by any person interested in the property devised or bequeathed." Undoubtedly the last four words mean property which has been devised or bequeathed. No devisee or legatee, under the latter of which classes the respondent claims, can have an actual and enforceable interest in the property devised or bequeathed until the death of the maker of the will renders effectual the testamentary disposition of his property. A brief reference to the fundamental principle of wills and a single illustration will suffice to show just when a legatee first takes his interest in bequeathed property, which is only another form of the question at issue. The chief characteristic of a will is that it is ambulatory and revocable during the life of the testator. It can take effect only after the death of the testator, which completes, confirms, and makes the will irrevocable. A deed may postpone the possession or enjoyment until the death of the grantor, but the postponement does not result, as in the case

of a will, from the nature of the instrument. On the contrary, it is caused by the express terms of the deed, and the vested right to the future enjoyment passes at once to the grantee. The deed operates in præsenti, and the grantee has an immediate interest. The will operates in futuro, and the devisees and legatees "take no interest whatever" until the decease of the testator calls the instrument into operation. 1 Jarm. Wills (5th Am. Ed.) pp. 26, 28. It follows that no action to recover the penalty can be brought by the devisee or legatee, at least before the death of the testator.

The respondent also claimed a right to recover the penalty as heir. Whether an heir, as such, may recover the penalty in any case, it is not necessary here to decide; but that the mere expectancy of the heir, or his inchoate right to take by descent or distribution, does not ripen into a legal interest in the property before the death of his ancestor, is perfectly plain. And that by interest the legislature had in mind an actual, legal interest, and not one which, at best, is only remote and contingent, I am entirely clear. It is satisfactory to know that this is the first action of the kind ever brought in this state; but, while the statute remains unrepealed, our sympathy for subscribing witnesses should not cause us to disregard the true rules of statutory construction, and enlarge the scope of a statute which, at best, is a hardship on those who, while gratuitously performing a somewhat thankless task, without actual fault on their part, render themselves liable to a penalty at the hands of the very persons they benefit.

For the reasons above stated, I think no action to recover the penalty accrued to the respondent before the decease of the testator, in 1897; that consequently the statute of limitations is not a bar to his action; and that the judgments should be affirmed.

BARTLETT, J., concurs.